**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**CANDI LEE and CRAIG LEE**                                          **PLAINTIFFS**

**VS.**                                   **CIVIL ACTION NO.: 2:23-CV-00098-HSO-BWR**

**STATE FARM FIRE AND CASUALTY COMPANY**                    **DEFENDANT**

**ANSWER TO COMPLAINT**

**Jury Trial Demanded**

COMES NOW the Defendant, STATE FARM FIRE AND CASUALTY COMPANY

(hereinafter "State Farm"), by and through its counsel of record and files this its Answer to the

Complaint exhibited against it and for cause would show unto the Court as follows, to-wit:

First Defense

The Complaint fails to state a cause upon which relief can be granted.

Second Defense

The Defendant hereby incorporates and pleads any and all defenses listed in Rule 12(b)

of the Federal Rules of Civil Procedure that may be applicable to this Cause and reserves its right

to raise any objections and defenses therein stated.

Third Defense

The Defendant answers the Complaint paragraph by paragraph as follows:

I.

That the Defendant admits the allegations contained in Paragraph I of the Complaint.

II.

That the Defendant admits the allegations contained in Paragraph II of the Complaint.

III.

That the Defendant would show that the Circuit Court of Lamar County, Mississippi, had concurrent jurisdiction with this Court until this matter was removed to federal court. Jurisdiction is proper in this Court for the reasons stated in the Notice of Removal.

IV.

That the Defendant would show that, while venue would have been proper in Lamar County, Mississippi, had this matter remained in the Circuit Court of Lamar County, Mississippi, venue is likewise proper in the United States District Court for the Southern District of Mississippi, Eastern Division, for the same reasons venue would have been proper in Lamar County, Mississippi.

V.

That upon information and belief, the Defendant admits the allegations contained in Paragraph V of the Complaint.

VI.

That the Defendant is without knowledge sufficient to either admit or deny the allegations contained in Paragraph VI of the Complaint, and for want of same, denies same and demands strict proof thereof.

VII.

That the Defendant is without knowledge sufficient to either admit or deny the allegations contained in Paragraph VII of the Complaint, and for want of same, denies same and demands strict proof thereof.

VIII.

That the Defendant admits that it issued a homeowners policy to the Plaintiffs prior to April 17, 2022, and would further show that the coverages provided by said homeowners insurance policy are specifically set forth in the policy agreement and are subject to all terms, conditions, limitations, and exclusions contained therein.

IX.

That the Defendant is without knowledge sufficient to either admit or deny the allegations contained in Paragraph IX of the Complaint to the extent they refer to payment of "all policy premiums," and for want of same, denies same and demands strict proof thereof.  If the allegations refer to payment of policy premiums for the homeowners insurance policy issued by Defendant prior to April 17, 2022, relating to the Plaintiffs' home located at 55 Bellepointe Circle, Purvis, Mississippi, the Defendant admits that the Plaintiffs were current on their policy premium for that policy as of April 17, 2022.

X.

That the Defendant is without knowledge sufficient to either admit or deny the allegations contained in Paragraph X of the Complaint, and for want of same, denies same and demands strict proof thereof.

XI.

That the Defendant is without knowledge sufficient to either admit or deny the allegations contained in Paragraph XI of the Complaint, and for want of same, denies same and demands strict proof thereof.

XII.

That the Defendant is without knowledge sufficient to either admit or deny the allegations contained in Paragraph XII of the Complaint, and for want of same, denies same and demands strict proof thereof.

XIII.

That the Defendant is without knowledge sufficient to either admit or deny the allegations contained in Paragraph XIII of the Complaint, and for want of same, denies same and demands strict proof thereof.

XIV.

That the Defendant admits that the Plaintiffs presented a claim for damage to their roof, and that the Defendant opened a claim bearing claim number 24-44W7-47C.  The Defendant denies the remaining allegations contained in Paragraph XIV.

XV.

That the Defendant admits that State Farm claim representative Aaron Leath inspected the Plaintiffs' home as part of his handling of the Plaintiffs' claim.  The Defendant denies the remaining allegations contained in Paragraph XV of the Complaint.

XVI.

That the Defendant denies the allegations contained in Paragraph XVI of the Complaint.

XVII.

That the Defendant is without knowledge sufficient to either admit or deny the allegations contained in Paragraph XVII of the Complaint, and for want of same, denies same and demands strict proof thereof.

XVIII.

That the Defendant admits that the Plaintiff, CANDI LEE, contacted State Farm

requesting a second inspection of her property.  The Defendant denies the remaining allegations

contained in Paragraph XVIII of the Complaint.

XIX.

That the Defendant is without knowledge sufficient to either admit or deny the

allegations contained in Paragraph XIX of the Complaint, and for want of same, denies same and

demands strict proof thereof.

XX.

That the Defendant admits that the homeowners insurance policy issued by Defendant

prior to April 17, 2022, relating to the Plaintiffs' home located at 55 Bellepointe Circle, Purvis,

Mississippi, was in force and effect on April 17, 2022, and any coverage thereunder was subject

to all terms, conditions, limitations, and exclusions contained in said policy of insurance.

XXI.

That the Defendant denies the allegations contained in Paragraph XXI of the Complaint.

The Defendant would show that the coverage provided by the subject homeowners policy is

specifically set forth within the policy itself and is subject to all terms, conditions, limitations,

and exclusions contained therein.

XXII.

That the Defendant denies the allegations contained in Paragraph XXII of the Complaint.

XXIII.

That the Defendant incorporates by reference each admission or denial to the first twenty-two (22) paragraphs of the Complaint as same are incorporated in Paragraph XXIII of the Complaint.

XXIV.

That the Defendant admits that the Plaintiffs made a claim to Defendant alleging hail damage to their home.  The Defendant denies the remaining allegations contained in Paragraph XXIV of the Complaint.

XXV.

That the Defendant denies the allegations contained in Paragraph XXV of the Complaint. The Defendant would show that it performed a thorough and adequate investigation of the Plaintiffs' claim and found no evidence of hail or other storm damage to their home at the time of its inspection or thereafter.

XXVI.

That the Defendant incorporates by reference each admission or denial to the first twenty-five (25) paragraphs of the Complaint as same are incorporated in Paragraph XXVI of the Complaint.

XXVII.

That the Defendant denies the allegations contained in Paragraph XXVII of the Complaint.

XXVIII.

That the Defendant denies the allegations contained in Paragraph XXVIII of the Complaint.

XXIX.

That the Defendant denies the allegations contained in Paragraph XXIX of the

Complaint.

XXX.

That the Defendant denies the allegations contained in Paragraph XXX of the Complaint.

XXXI.

That the Defendant denies the allegations contained in Paragraph XXXI of the

Complaint.

XXXII.

That the Defendant denies the allegations contained in Paragraph XXXII of the

Complaint.

XXXIII.

That the Defendant denies the allegations contained in Paragraph XXXIII of the

Complaint.

XXXIV.

That the Defendant denies the allegations contained in Paragraph XXXIV of the

Complaint, including, but not limited to, subparagraphs a. through g, inclusive.

XXXV.

That the Defendant denies the allegations contained in Paragraph XXXV of the

Complaint.

XXXVI.

That the Defendant incorporates by reference each admission or denial to the first thirty-five (35) paragraphs of the Complaint as same are incorporated in Paragraph XXXVI of the Complaint.

XXXVII.

That the Defendant denies the allegations contained in Paragraph XXXVII of the Complaint.

XXXVIII.

That the Defendant denies the allegations contained in Paragraph XXXVIII of the Complaint.

XXXIX.

That the Defendant denies the allegations contained in Paragraph XXXIX of the Complaint.

XL.

That the Defendant incorporates by reference each admission or denial to the first thirty-nine (39) paragraphs of the Complaint as same are incorporated in Paragraph XL of the Complaint.

XLI.

That the Defendant denies the allegations contained in Paragraph XLI of the Complaint.

XLII.

That the Defendant denies the allegations contained in Paragraph XLII of the Complaint.

XLIII.

That the Defendant incorporates by reference each admission or denial to the first forty-two (42) paragraphs of the Complaint as same are incorporated in Paragraph XLIII of the Complaint.

XLIV.

That the Defendant denies the allegations contained in Paragraph XLIV of the Complaint.

XLV.

That the Defendant incorporates by reference each admission or denial to the first forty-four (44) paragraphs of the Complaint as same are incorporated in Paragraph XLV of the Complaint.

XLVI.

That the Defendant denies the allegations contained in Paragraph XLVI of the Complaint.

XLVII.

That the Defendant admits that it owes the Plaintiffs a duty to act in good faith and to deal fairly with them, and the Defendant would show that at all times material hereto, it has acted in good faith toward and has dealt fairly with the Plaintiffs.  The Defendant denies the remaining allegations contained in Paragraph XLVII of the Complaint.

XLVIII.

That the Defendant incorporates by reference each admission or denial to the first forty-seven (47) paragraphs of the Complaint as same are incorporated in Paragraph XLVIII of the Complaint.

XLIX.

That the Defendant denies the allegations contained in Paragraph XLIX of the Complaint.

Fourth Defense

That the Defendant denies the allegations contained in the last unnumbered paragraph under Paragraph XLIX of the Complaint beginning with "WHEREFORE, PREMISES CONSIDERED,...," and denies that the Plaintiffs are entitled to a judgment of any kind or character for any type of damages, including, but not limited to, compensatory, punitive, extracontractual, or otherwise or in any amount whatsoever against it.

Fifth Defense

The Defendant reserves the right to assert any further or additional defenses that may be developed during the course of discovery in this matter.

Sixth Defense

The Defendant avers that the Plaintiffs have not been damaged as a result of any alleged wrongdoing on its part.

Seventh Defense

That by way of avoidance and Affirmative Defense, the Defendant would show it has promptly, timely, and adequately investigated the Plaintiffs' claim for damages and losses in accordance with the terms, conditions, limitations, and exclusions contained within the subject homeowners insurance policy issued to the Plaintiffs by the Defendant.

Eighth Defense

The Defendant avers that the Complaint fails to state a claim for punitive damages under Miss. Code Ann.§15-1-33, which requires that any suit for penalty be brought within (1) year from the date of the alleged offense.

Ninth Defense

The Defendant is not guilty of bad faith in its dealings with the Plaintiffs.

### Tenth Defense

The Defendant denies that Plaintiffs were damaged to the nature and extent claimed and contests damages.

### Eleventh Defense

The Defendant denies that it has been guilty of any conduct which entitles Plaintiffs to recover punitive damages.

### Twelfth Defense

The Defendant avers that the Complaint fails to state a claim upon which punitive or extra-contractual damages may be awarded to the Plaintiffs.

### Thirteenth Defense

The Defendant affirmatively pleads that the Plaintiffs are not entitled to recover extra-contractual damages, punitive or otherwise, and that there is no basis for such a claim.

### Fourteenth Defense

The Defendant affirmatively pleads that any award of exemplary damages or extra-contractual damages of any type, whether compensatory or otherwise, is precluded because it clearly had, at a minimum, legitimate and arguable reasons for its conduct and decisions in this case.

### Fifteenth Defense

That by way of avoidance and Affirmative Defense, the Defendant would show that the Plaintiffs may have failed to join necessary parties within the meaning of Rule 19 of the Federal Rules of Civil Procedure.

### Sixteenth Defense

That by way of avoidance and Affirmative Defense, the Defendant hereby pleads and incorporates by reference all of the terms, conditions, exclusions, and limitations of the subject homeowners insurance policy issued by State Farm Fire and Casualty Company to the Plaintiffs, which terms speak for themselves.

### Seventeenth Defense

The Defendant avers that any award of punitive damages to Plaintiffs in this case will be violative of the constitutional safeguards provided to it under the Constitution of the State of Mississippi.

### Eighteenth Defense

The Defendant avers that any award of punitive damages to Plaintiffs in this case will be violative of the constitutional safeguards provided to it under the Constitution of the United States of America.

### Nineteenth Defense

The Defendant avers that any award of punitive damages to Plaintiffs in this case will be violative of the Constitutional safeguards provided to it under the due process clause of the Fourteenth Amendment to the Constitution of the United States in that the determination of punitive damages under Mississippi Law is vague, is not based upon any objective standards, is in fact, standardless, and is not rationally related to legitimate governmental interests.

### Twentieth Defense

The Defendant avers that any award of punitive damages to Plaintiffs in this case will be violative of the procedural safeguards provided to it under the Sixth Amendment to the

Constitution of the United States in that punitive damages are penal in nature and consequently it

is entitled to the same procedural safeguards accorded to criminal defendants.

Twenty-first Defense

The Defendant affirmatively pleads that every element of the Plaintiffs' claims for

punitive damages must be proven beyond a reasonable doubt because without such proof said

claim would violate its due process rights under the Fifth and Fourteenth Amendments to the

United States Constitution and under Article 3, Section 14 of the Mississippi Constitution.

Twenty-second Defense

Plaintiffs' claim for punitive damages violates Article I, and the Fourth, Fifth, Sixth,

Eighth, and Fourteenth Amendments of the Constitution of the United States on the following

grounds:

A.  It is a violation of the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against civil defendants upon the plaintiff satisfying a burden of proof which is less than a "beyond a reasonable doubt" burden of proof required in criminal cases;

B.  The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution;

C.  The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against defendants, which thereby violates the due process clause of the Fourteenth Amendment of the United States Constitution;

D.  The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages, which thereby violates the due process clause of the Fourteenth Amendment of the United States Constitution;

E.  The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the

equal protection clause of the Fourteenth Amendment of the United States Constitution;

F.  The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the due process clause of the Fifth and Fourteenth Amendments and the equal protection clause of the Fourteenth Amendment of the United States Constitution;

G.  The procedures pursuant to which punitive damages are awarded violate the dormant visions of the commerce clause of the United States Constitution, Article I, Section 8.  Non-resident defendants are assessed punitive damages by Mississippi courts on a disparate and unequal basis in violation of the commerce clause, and the dormant provisions related thereto, of the United States Constitution.

<u>Twenty-third Defense</u>

Plaintiffs' claim for punitive damages violates the due process clause of Article 3, Section 14 of the Constitution of Mississippi on the following grounds:

A.  It is a violation of the due process clause to impose punitive damages, which are penal in nature upon civil defendants, by the plaintiffs satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

B. The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the defendant;

C.  The procedures pursuant to which punitive damages are awarded are unconstitutionally vague and not rationally related to legitimate governmental interests;

D.  The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages;

E.  The award of the punitive damages in this action constitutes a deprivation of property without due process of law; and

F.  It is a violation of the due process clause to impose punitive damages against the defendant which are penal in nature yet compels a defendant to disclose potentially incriminating documents and evidence.

<u>Twenty-fourth Defense</u>

The award of punitive damages to the Plaintiffs in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

<u>Twenty-fifth Defense</u>

The award of punitive damages against the Defendant in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article One, Section 22 of the Constitution of Mississippi.

<u>Twenty-sixth Defense</u>

The award of punitive damages against the Defendant in this action would violate the due process clause of the United States Constitution, in accordance with the decisions of the United States Supreme Court in <u>BMW v. Gore,</u> 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996), <u>Cooper Ind. Inc v Leatherman Tool Group, Inc.,</u> 532 U.S. 424, 121 Sup. Ct. 1678, 149L.Ed..2D 674 (2001), <u>State Farm Mutual Automobile Insurance Company v. Campbell</u>, 538 US 408, 123 S.Ct. 1513 (2003), on the following grounds:

> A.  It is a violation of the Defendant's right to due process to impose punitive damages to deter future misconduct, where less drastic remedies could achieve this goal;
>
> B.  It is a violation of due process to subject the Defendant to punitive damages without providing the Defendant fair notice of the conduct that will subject them to punishment and the severity of the penalty that may be imposed;
>
> C.  It is a violation of due process to punish the Defendant with the intent of changing their lawful conduct in other states; and
>
> D.  It is a violation of the Defendant's right to due process to impose punitive damages which are grossly excessive.

### Twenty-seventh Defense

The Defendant affirmatively pleads that the Plaintiffs have failed to satisfy conditions precedent and/or conditions subsequent to coverage arising out of any and all insurance agreements in effect between State Farm and the Plaintiffs at the time of the Plaintiffs' alleged loss and/or claims.

### Twenty-eighth Defense

The Defendant affirmatively pleads that the Plaintiffs' alleged claims, if any, are either not covered or are excluded from coverage under any applicable State Farm policy issued to the Plaintiffs.

### Twenty-ninth Defense

A jury award of mental anguish and emotional distress damages in this case would violate due process and equal protection rights guaranteed to the Defendant by the Fifth and Fourteenth Amendments to the United States Constitution, and Article I, Sections 1, 6 and 22 of the Constitution of the State of Mississippi. In particular, a mental anguish damage award will violate these constitutional provisions because Mississippi jurors are given no rule, standard or guideline upon which to rely in calculating mental anguish and emotional distress damage awards.

### Thirtieth Defense

Plaintiffs cannot recover for mental pain and suffering, emotional distress or similar damages, if any, in that there is no fixed, objective and/or clear and consistent standard under Mississippi law for ascertaining the amount thereof, such that any award of said damages against the Defendant would violate the Fifth and Fourteenth Amendments to the United States

Constitution and Article I, Section 6 of the Mississippi Constitution, which prohibit deprivation

of life, liberty or property except by due process of law.

Thirty-first Defense

The Defendant affirmatively pleads that the claims asserted by the Plaintiffs may be

barred in whole or in part by the applicable statute of limitations and/or the doctrines of waiver,

estoppel or laches.

Thirty-second Defense

The Defendant affirmatively pleads the applicable provisions of Miss. Code Ann. §85-5-

7 (1979 as amended).

Thirty-third Defense

That by way of avoidance and Affirmative Defense, the Defendant hereby pleads and

incorporates any and all applicable affirmative defenses listed in Fed. R. Civ. P. 8(c).

Thirty-fourth Defense

The Defendant affirmatively pleads the applicable provisions of Miss. Code Ann. §11-1-

65 (1979 as amended).

Thirty-fifth Defense

That by way of avoidance and Affirmative Defense, the Defendant would show that it has

not engaged in any conduct, and the Plaintiffs have not alleged in their Complaint any conduct,

which would satisfy the elements of the tort of intentional infliction of emotional distress as

contemplated by Mississippi law.

AND NOW having fully answered the Complaint exhibited against it, paragraph by

paragraph, and having set forth its Affirmative Defenses, the Defendant respectfully requests that

the Complaint of the Plaintiffs be dismissed with prejudice and with all costs to the Plaintiffs.

Dated: July 18, 2023.

Respectfully submitted,

BRYAN, NELSON, SCHROEDER,
CASTIGLIOLA & BANAHAN, PLLC
Attorneys for Defendant, STATE FARM FIRE
AND CASUALTY COMPANY

BY:  s/H. Benjamin Mullen
     H. BENJAMIN MULLEN (9077)
     MICHAEL R. MOORE (104505)

BRYAN, NELSON, SCHROEDER,
CASTIGLIOLA & BANAHAN, PLLC
Attorneys at Law
1103 Jackson Avenue
Post Office Drawer 1529
Pascagoula, MS  39568-1529
Tele:  (228) 762-6631
Fax: (228) 769-6392
ben@bnscb.com
michael@bnscb.com

## <u>CERTIFICATE OF SERVICE</u>

I, **H. BENJAMIN MULLEN**, one of the attorneys for the Defendant, **STATE FARM FIRE AND CASUALTY COMPANY**, do certify that I have this date electronically filed the foregoing Defendant's Answer to the Complaint with the Clerk of the Court using the ECF system which sent notification of such filing to counsel of record.

DATED July 18, 2023.

/s/ H. Benjamin Mullen
H. BENJAMIN MULLEN (MSB 9077)

BRYAN, NELSON, SCHROEDER,
CASTIGLIOLA & BANAHAN, PLLC
Attorneys at Law
1103 Jackson Avenue
Post Office Drawer 1529
Pascagoula, MS  39568-1529
Tele:  (228) 762-6631
Fax: (228) 769-6392
ben@bnscb.com