**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**CANDI LEE** and **CRAIG LEE** **PLAINTIFFS**

**v.** **Case No. 2:23-cv-00098-HSO-BWR**

**STATE FARM FIRE AND CASUALTY COMPANY** **DEFENDANT**

**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION [32] TO EXTEND EXPERT DESIGNATION DEADLINE**

THIS MATTER is before the Court on Plaintiffs Candi Lee and Craig Lee's (collectively, Plaintiffs) Unopposed Motion [32] to Extend Expert Designation Deadline. Having considered the matter, the Court will grant Plaintiffs' Motion [32].

I. BACKGROUND

Plaintiffs' expert designation deadline was November 2, 2023. Order [8] at 4. This date passed and Plaintiffs did not designate an expert witness. On December 4, 2023, the same day as Defendant State Farm Fire and Casualty Company's (Defendant) expert designation deadline, Plaintiffs filed an Unopposed Motion [23] to Extend Expert Designation Deadline. *Id.* Plaintiffs stated that they missed their expert designation deadline because their attorney "inadvertently incorrectly calendared Plaintiffs' expert designations for November 2, 2024, rather than November 2, 2023." Pls.' Mot. [23] at 1; Ex. [1-1]. Plaintiffs requested an extension of their expert designation deadline until December 4, 2023 and an extension of Defendant's expert designation deadline until January 3, 2024. Pls.' Mot. [23] at 1-2. Defendant did not oppose. *Id.* Plaintiffs also filed a notice of service of their expert

designation the same day they filed their Motion [23]. [22]. Defendant did not file its notice of service of its expert designation until December 13, 2023. [26].

The Court denied Plaintiffs' Motion [23] without prejudice for failure to brief the applicable legal standards. Order [29]. Plaintiffs and Defendant responded to the Court's Order [29] with briefing on the applicability of the "excusable neglect" and "good cause" standards under the Federal Rules of Civil Procedure. Pls.' Mem. [33]; Def.'s Mem. [35].

## II. DISCUSSION

### 1. Applicable law

Federal Rule of Civil Procedure (Fed. R. Civ. P.) 6(b)(1)(B) allows a court to alter certain deadlines upon a showing of excusable neglect. This rule provides that "[w]hen an act may or must be done within a specified time," like designating experts, "the court may, for good cause, extend the time: . . . on motion made after the time has expired if the party failed to act because of excusable neglect." FED. R. CIV. P. 6(b)(1)(B). The determination of whether a party's neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs., Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 395 (1993). "The Fifth Circuit has noted that the district court 'enjoys broad discretion to grant or deny an extension' and that 'the excusable neglect standard is intended and proven to be quite elastic in its application.'" *Smith v. Union Nat'l Life Ins. Co.*, No. 1:15-cv-9-KS-RHW, 2017 WL 1956779, at *2 (S.D. Miss. May 11, 2017) (quoting *Salts v. Epps*, 676 F.3d 468, 474 (5th Cir. 2012)). As part of the excusable neglect

inquiry, courts consider the danger of prejudice to the non-movant(s), the length of the delay and its impact on proceedings, the reason for the delay, and the movant's good faith. *Id.*

Fed. R. Civ. P. 16(b)(4) also applies here. Under this Rule, a scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). In determining whether good cause exists, the Court considers "(1) the explanation for the failure to [timely move for an extension]; (2) the importance of the [extension]; (3) potential prejudice in allowing the [extension]; and (4) the availability of a continuance to cure such prejudice." *S&W Enters., LLC v. SouthTrust Bank*, 315 F.3d 533, 536 (5th Cir. 2003) (quoting *Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997)).

2. Analysis

*a. Plaintiffs have demonstrated excusable neglect*

Plaintiffs have adequately shown excusable neglect. First, the danger of prejudice in granting Plaintiffs' Motion [32] is minimal. *Smith*, 2017 WL 1956779, at *2. The unopposed nature of Plaintiffs' Motion [32] speaks to this point. Second, the length of the delay was approximately a month. This month-long delay will not impact proceedings. *Id.*; Pls.' Mem. [33] at 3-4; Def.'s Mem. [35] at 6. With a discovery deadline of April 8, 2024, there are still several months remaining in discovery. Order [8] at 4. The Court further notes that the parties have exchanged expert designations while this issue has been pending. Ex. [32-1]; Ex. [32-2]. The first two factors weigh in favor of an excusable neglect finding. *Smith*, 2017 WL 1956779, at *2.

Third, the Court is hesitant to find that Plaintiffs' reason for delay supports an excusable neglect finding. Although the Fifth Circuit Court of Appeals upheld a court's finding that a party demonstrated excusable neglect when that party's "counsel accidentally entered the incorrect year into her new computer-based calendar," this Court will not condone Plaintiffs' counsel's calendaring error. *Stotter v. Univ. of Texas at San Antonio*, 508 F.3d 812, 820 (5th Cir. 2007); *see also Brittingham v. Wells Fargo Bank*, 543 Fed. App'x 372, 374 (5th Cir. 2013) (holding that there was not excusable neglect under Fed. R. Civ. P. 60(b) where the plaintiffs failed to timely file a motion due to a calendar error); *M.D. v. Newport-Mesa Unified Sch. Dist.*, 840 F.3d 640, 643 (9th Cir. 2016) (accepting that a calendaring error may weigh against a finding of excusable neglect). The Court weighs Plaintiffs' explanation against finding excusable neglect.

Finally, there is no reason to doubt Plaintiffs' good faith in bringing their Motion [32]. This factor weighs in favor of finding excusable neglect. Since three factors favor Plaintiffs, the Court finds that Plaintiffs have demonstrated excusable neglect.

*b. Good cause exists to modify the Court's Case Management Order [8]*

There is good cause to modify the Court's Case Management Order. Plaintiffs' explanation for their failure to timely move for an extension of their expert designation deadline, a calendaring error, weighs against finding good cause. *Henly v. Biloxi H.M.A., LLC*, No. 1:19-cv-00544-HSO-BWR, 2023 WL 6975749, at *3 (S.D. Miss. July 10, 2023) (first citing *ENGlobal U.S. Inc. v. Native Am. Servs. Corp.*, No.

4:16-cv-02746-LHR, 2017 WL 3840262, at *1-2 (S.D. Tex. Sept. 1, 2017); then *S&W Enters., LLC*, 315 F.3d at 535-37). Second, the extension is important because if it is not granted, then Plaintiffs and Defendant's expert designations will be untimely. Pls.' Mem. [33] at 5-6; Def.'s Mem. [35] at 5-6. And as mentioned above, the prejudice in allowing the extension of deadlines here is small. Pls.' Mem. [33] at 6; Def.'s Mem. [35] at 6. Last, a continuance is not needed here due to the amount of time remaining in discovery. Pls.' Mem. [33] at 6; Def.'s Mem. [35] at 6; Order [8] at 4. Because three of the four factors weigh in favor of a good cause finding, there is good cause to modify the Court's Case Management Order [8].

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiffs' Unopposed Motion [32] to Extend Expert Designation Deadline is **GRANTED.** Plaintiffs' expert designation is deemed to have been timely filed on December 4, 2023. Defendant's expert designation is deemed to have been timely filed on December 13, 2023.

**SO ORDERED**, this 8th day of February, 2024.

s/ *Bradley W. Rath*

BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE