**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**CANDI LEE and CRAIG LEE**                                                                 **PLAINTIFFS**

**V.**                                                                      **CIVIL ACTION NO. 2:23-cv-98-KS-BWR**

**STATE FARM FIRE AND**
**CASUALTY COMPANY**                                                                 **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

### I.   BACKGROUND

This cause comes before the Court on the Motion for Summary Judgment or, Alternatively, Partial Summary Judgment [60] filed by Defendant, State Farm Fire and Casualty Company. Plaintiffs, Candi Lee and Craig Lee, have responded [68], and Defendant filed a reply [75]. Also pending before the Court are Plaintiffs' Motion for Partial Summary Judgment on State Farm Fire and Casualty's Affirmative Defenses [56]; State Farm Fire and Casualty Company's Motion to Strike Plaintiffs' Expert, Drew Siders, Pursuant to Rule 702 and *Daubert* [58]; Plaintiff's Motion to Exclude Testimony of Aaron Leath [62]; Motion to Strike Plaintiffs' Supplemental Discovery Responses [70]; State Farm Fire and Casualty Company's Motion to Strike Declaration of Drew Siders [72]; and Plaintiff's Motion for Leave to File Supplemental Response in Opposition to Defendant's Motion for Summary Judgment [82]. Having reviewed all of the parties' submissions, the record in this matter, and the relevant legal authority, and otherwise being duly advised in the premises, the Court finds that the Defendant's summary judgment motion is well taken and will be granted for the reasons set forth herein. All other pending motions are denied as moot.

**A. Facts**

This lawsuit arises from an insurance claim related to an alleged hailstorm that occurred, according to the Plaintiffs, Candi and Craig Lee (hereinafter "Mrs. Lee" and "Mr. Lee," individually, and "the Lees," collectively), on April 17, 2022. The property at issue in this case is in Purvis, Mississippi and insured by State Farm. Shortly thereafter, a roofer, Cole Hinnant, from Best Choice Roofing was in the Lees' neighborhood. The Lees approached Hinnant and asked him to examine their home. Hinnant noted that the Plaintiffs home had hail damage and that he could see wet spots in the attic. The Lees then reported Hinnant's findings to their State Farm representative. On January 28, 2023, about nine months after the alleged storm occurred, the Lees filed their claim with State Farm.

Once State Farm received notice of the claim, it assigned the claim to adjustor Aaron Leath to investigate. Leath went to the property in February of 2023, and after inspecting the Lees' roof, exterior of the home, and interior parts of the home in which he was allowed, he determined that there was no covered damage, including hail damage. Leath sent a letter to the Lees explaining his findings on February 16, 2023. On February 27, 2023, Best Choice Roofing contacted State Farm, who advised to send in photographs of anything overlooked by the State Farm inspection. In addition, Mrs. Lee called Phillip Slocum, a trusted roofer from her hometown. Slocum arrived at Candi's home on March 14, 2023, and quoted $18,950 in repairs. A week later, the Lees requested a re-inspection of their home. Leath received and reviewed additional photographs and determined that those photographs showed nothing new and a reinspection was not warranted. State Farm spoke to Mrs. Lee and advised her of the determination.

The Lees retained counsel, and on May 18, 2023, their attorney submitted a letter of representation to State Farm. At or around the time of retaining counsel, the Lees or their counsel

hired Jackson Brothers Construction, LLC, or "JB Construction" as identified on the estimate. The JB Construction estimate is dated May 17, 2023, and it sets forth the cost to replace the Lees roof would be $21,052.25. On June 6, 2023, a State Farm employee, Randy Brent, recommended State Farm to hire an engineer. Two days later, on June 8, 2023, State Farm's Tony Fimiano approved for an engineer to be hired to investigate the Lee's claims of storm damage. Before State Farm responded to the letter of representation, this lawsuit was filed on June 14, 2023. As a result of the filing of the lawsuit, State Farm decided not to immediately hire an engineer for another inspection.

On October 18, 2023, State Farm's designated experts, Mark Watson, P.E., a professional engineer, and Andy Woodard, a roofing contractor, inspected the Lees' home. Mr. Watson, after physical study of the Lees' home and after studying weather data and other information addressed in his report, determined that there was no evidence of hail damage to the Lees' home at any time. Likewise, Mr. Woodard also conducted a physical examination of the Lees' roof and determined that there was no evidence of hail damage to the roof of the home.

## II.   DISCUSSION

### A.  Legal Standard and Applicable Law

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010) (quoting *Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001)). "An issue is 'genuine' if the evidence is sufficient for a reasonable [fact-finder] to return a verdict for the nonmoving party." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (citation omitted). Summary judgment is mandatory "against a party who fails to make a showing sufficient to establish the existence of an element

essential to that party's case, and on which that party will bear the burden of proof at trial." *Brown v. Offshore Specialty Fabricators, Inc.*, 663 F.3d 759, 766 (5th Cir. 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009) (citing *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007)). "In deciding whether a fact issue has been created, the court must view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club*, 627 F.3d at 138 (quoting *Daniels*, 246 F.3d at 502). Nevertheless, a court is not obligated to search the record for the non-moving party's evidence. *Keen v. Miller Envtl. Grp., Inc.*, 702 F.3d 239, 249 (5th Cir. 2012) (quoting *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)); *see also* Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials, but it may consider other materials in the record.").

"Where the burden of production at trial ultimately rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (citation and internal quotation marks omitted). The nonmovant must then "come forward with specific facts showing that there is a genuine issue for trial." *Id.* However, "the movant bears the initial responsibility of demonstrating the absence of a genuine issue of material fact with respect to those issues on which the movant bears the burden of proof at trial." *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718 (5th Cir. 1995) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 333-34 (1986)). In such cases, the movant may not simply point to the absence of evidence supporting the nonmovant's case. *See Id.* Moreover,

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

4

>   (A) citing to particular parts of materials in the record…; or
>   (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). "A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible as evidence." Fed. R. Civ. P. 56(c)(2). "Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002) (citation omitted).

"Under Mississippi law, the plaintiff bears the burden of proving his right to recover under an insurance policy." *Tuepker v. State Farm Fire & Cas. Co.*, 507 F.3d 346, 356 (5th Cir. 2007). "That basic burden never shifts from the plaintiff." *Britt v. Travelers Ins. Co.*, 566 F.2d 1020, 1022 (5th Cir. 1978). The insured has the burden of proving his right to recover under a policy, but the insurer has the burden of proving that an exclusion applies. *Tuepker*, 507 F.3d at 356; *Corban v. United Servs. Auto. Ass'n*, 20 So. 3d 601, 618 (Miss. 2009). The Court's goal in applying an insurance policy is to "render a fair reading and interpretation of the policy by examining its express language and applying the ordinary and popular meaning to any undefined terms." *Corban*, 20 So. 3d at 609.

"In Mississippi, insurance policies are contracts, and as such, they are to be enforced according to their provisions." *Id.* "A breach-of-contract case has two elements: (1) the existence of a valid and binding contract, and (2) a showing that the defendant has broken, or breached it." *Maness v. K&A Enters. Of Miss., LLC*, 250 So. 3d 402, 414 (Miss. 2018)); *see also Robinson-Lewis v. State Farm Fire & Cas. Co.*, No. 1:22cv186-LG-RPM, 2023 WL 7929006, *3 (S.D. Miss. June 5, 2023). The primary question for a claim for breach of an insurance contract is whether the insurer owes any insurance proceeds to the policyholder. *Thomas v. Nationstar Mortg., LLC*, No.

5

2:22cv88-HSO-LGI, 2023 WL 2780360, at 9 (S.D. Miss. Feb. 6, 2023) (citing *Mahli, LLC v. Admiral Ins. Co.*, No. 1:14cv175-KS-MTP, 2015 WL 4915701, at 16 (S.D. Miss. Aug. 18, 2015)).

### B. Analysis

As to the claim of monetary damages, "courts generally require expert testimony to establish depreciation," *Jackson v. State Farm Fire & Cas. Co.*, No. 1:23cv24-HSO-BWR, 2024 WL 1183670, *6 (S.D. Miss. Mar. 19, 2024), which is an essential component of the policy's definition of "actual cash value." *See* [60-7] at p. 19. The Lees do not have an expert on depreciation. Accordingly, the Court grants State Farm's Motion for Summary Judgment as it relates to the Lee's claims for monetary damages based on breach of contract related to her claims for the storm that allegedly occurred on April 17, 2022.

To establish a claim that an insurer delayed payment in bad faith, a plaintiff must prove three elements:

> (1) State Farm [owed] a contractual obligation to [Plaintiff];
> (2) State Farm lacked an arguable or legitimate basis for its delay in paying [Plaintiff's] claim; and
> (3) State Farm's failure resulted "from an intentional wrong, insult, or abuse as well as from such gross negligence as constitutes an intentional tort."

*James v. State Farm Mut. Ins. Co.*, 743 F.3d 65, 70 (5th Cir. 2014) (quoting Jeffery Jackson, Miss. Ins. Law & Prac. § 13.2 (2012)). The decision "to submit a delay-of-payment claim to a jury is a highly fact-sensitive analysis." *Id.* To be sure, "[t]he totality of the circumstances and the aggregate conduct of the defendant must be examined before punitive damages are appropriate." *Dey v. State Farm Mut. Auto. Ins. Co.*, 789 F.3d 629, 633 (5th Cir. 2015) (citations omitted). Even if an insurance company breached its policy to a plaintiff, the plaintiff can still only recover for bad faith breach-of-contract if the insurance company lacked an arguable basis for denying coverage or for delaying payment to a plaintiff. An "arguable basis" is "nothing more than an expression indicating the act or acts of the alleged tortfeasor do not rise to [the] heightened level

of an independent tort." *Univ. Life Ins. Co. v. Veasley*, 610 So. 2d 290, 293 (Miss. 1992) (citations omitted); *see also Jackson v. State Farm Fire & Cas. Co.*, No. 1:23cv24-HSO-BWR, 2024 WL 1183670, *9 (S.D. Miss. Mar. 19, 2024).

In examining the concept of an "arguable basis," "the initial burden placed on the insurer is low: it need only show that it had reasonable justifications, either in fact or in law for its actions." *James*, 743 F.3d at 70 (internal quotations and citations omitted). Thereafter, "the insured bears the burden of demonstrating that the insurer had no arguable reason" for the delay. *Id.* The burden on the plaintiff is heavy: she must demonstrate that "there was no reasonably arguable basis for denying the claim." *Dey*, 789 F.3d at 633 (internal citations and quotations omitted). A "plaintiff's burden in this respect likewise exists at the summary judgment stage where the insurance company presents an adequate prima facie showing of a reasonably arguable basis for denial so as to preclude punitive damages." *James*, 743 F.3d at 70 (citations and quotations omitted). Of high importance is that "[t]he question of whether State Farm had an arguable basis" for the manner in which it handled the Lee's claim "is an issue of law for the court." *Broussard v. State Farm Fire & Cas. Co.*, 523 F.3d 618, 628 (5th Cir. 2008) (citations and internal quotation marks omitted).

As this Court previously explained,

> The following acts or omissions on the part of insurers are characteristic of the type of conduct that has been found to rise above mere negligence and into the realm of bad faith: … delaying payment on a claim for several months after the insurer admits to owing the claim …. Conversely, clerical errors, isolated mistakes, delays resulting from full claims investigations, and the initiation of coverage actions will not ordinarily support an award of punitive damages.

*Russ v. Safeco Ins. Co. of America*, 2013 WL 1310501, *16 (S.D. Miss. 2013) (citing Jeffery Jackson, Miss. Ins. Law & Prac. § 13.5 (2012)). The Mississippi Supreme Court affirmed a punitive damages instruction because an unexplained delay of eight months, clear violation of the policy, and awareness that the insured was suffering economically "left a strong inference that [the

7

insurer's] conduct was motivated by economic gain." *Caldwell v. Alfa Ins. Co.*, 686 So. 2d 1092, 1098 (Miss. 1996) (citing *Travelers Indem. Co. v. Wetherbee*, 368 So. 2d 829, 835 (Miss. 1979)). The Mississippi Court of Appeals noted that a six-week delay in payment is only simple negligence and the importance of the insured's cooperation with the insurer's investigation. *Pilate v. American Federated Ins. Co.*, 865 So. 2d 387, 394, 400 (Miss. Ct. App. 2004) ("[Plaintiff] may not linger in the shadows and be rewarded for a short delay necessitated by a reasonable investigation….").

The Court finds that because State Farm had an arguable basis for its actions in this case, its motion for summary judgment as to any claims for punitive damages and other extracontractual damages should be granted. Shortly after the Lees filed their claim, Leath inspected the property and informed them of the denial. After additional pictures were submitted, Leath reviewed them, found that they showed nothing new, and again denied the Lees' claim. Once the claim was assigned to different State Farm employees, they initially recommended the hiring of an engineer, but they did not at that time because of the filing of the lawsuit. Instead, they waited on direction from the defense attorneys. State Farm also did eventually send Mark Watson, P.E. and Andy Woodard to inspect the property in October 2023, about four months after the filing of the lawsuit.

## III. CONCLUSION

Accordingly, for the reasons explained above, the Court hereby **GRANTS** Defendant's Motion for Summary Judgment [60]. All of Plaintiffs' claims are hereby dismissed with prejudice.

SO ORDERED AND ADJUDGED this 9th day of August 2024.

/s/ Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE